IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MYLES WISEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-02834-SHL-cgc |
| ) | |
| WARDEN DEMETRIC GODFREY, ) | |
| ) | |
| Respondent. ) | |

**ORDER DIRECTING CLERK TO SEND FORM AND
DIRECTING PETITIONER TO FILE AMENDED § 2254 PETITION**

On August 26, 2025, Petitioner Myles Wiseman, Tennessee Department of Correction prisoner number 312754, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a pro se petition under 28 U.S.C. § 2254 ("the Petition"). (ECF No. 2.) The Court granted Wiseman leave to proceed in forma pauperis. (ECF No. 7.) The Petition is before the Court on preliminary review. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules.")

In the Petition, Wiseman challenges his convictions for rape, statutory rape by an authority figure, and incest. (See ECF No. 2 at PageID 3.) Wiseman alleges that his convictions were based on evidence obtained from an unconstitutional search and seizure, that his trial counsel was ineffective, and that the state trial court erred in admitting certain evidence. (ECF No. 2-1 at PageID 6–10.)

Under Habeas Rule 2(d), a § 2254 petition "must substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule." Habeas Rule 2(d). This Court uses the form published by the Administrative Office of the United States Courts. See Pro Se Forms, United States District Court, Western District of Tennessee:

Representing Yourself, https://www.tnwd.uscourts.gov/pro-se-forms (last visited Nov. 4, 2025). Petitioner did not use the official form, and as a result, did not provide information that is required by that form and necessary for the Court's preliminary review.[1]

Accordingly, Wiseman is **ORDERED** to file an amended petition that substantially follows the district's official § 2254 form no later than 28 days from the entry date of this order. The amended petition must be signed by Wiseman under penalty of perjury. Each issue must be listed in the text of the form petition or on separate sheets that conform to the format of Pages 6–7 of the form petition. If Wiseman needs additional time to file an amended petition, he may file a motion seeking an extension of time before the due date for his amendment.

Failure to file a timely amended petition will result in dismissal of the Petition and the case without further notice for failure to prosecute under Federal Rule of Civil Procedure Rule 41(b). The Court respectfully **DIRECTS** the Clerk to mail Wiseman a § 2254 form.

**IT IS SO ORDERED** this 4th day of November, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Petition invokes Tennessee Code Annotated § 29-21-101, the statute that applies to state writs of habeas corpus. (See ECF No. 2 at PageID 2.) The Court is unable to discern whether Petitioner has sought post-conviction relief in state court. "A federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court." Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). Petitioner is advised that he must first exhaust his available state court remedies before filing an amended § 2254 petition in this Court. See id.